IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER MOEDE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 07 C 1726 |
| KEITH POCHTER, et al., | ) |
| Defendants. | ) |

JH

## MEMORANDUM OPINION AND ORDER

According to the complaint, the plaintiff and the defendants were members of a limited liability company, BD Venture 2, LLC (BD). Its purpose was to own half of Mt. Prospect Partners (Mt. Prospect), which, in turn, owned or was to own 3.7 acres of land in Mount Prospect, Illinois. Moede invested $125,000 for a 50% interest in BD; Pochter contributed $50,000 for a 20% interest; and the other three contributed $25,000 each for 10% interests. Pochter was designated as the "Manager" of BD.

Plaintiff alleges that the members were to share any distributions in proportion to their interests, and any sale of land, or of all or substantially all of the assets, required the consent of members holding a majority of the interests. In April 2004, Mt. Prospect sold 1.3 acres. The complaint does not allege whether there was majority consent to the sale, or whether there then was a distribution, or, if so, who received what. Rather, the focus is on the remaining 2.4 acres. Plaintiff alleges that Pochter advised the other members on October 24, 2006, that a buyer had made an offer to buy BD's interest in that land for $200,000, and that Pochter had thereafter orchestrated the sale. Plaintiff did not consent to the sale. He alleges that the other members "divided up the proceeds," but he does not specify who supposedly got what. He got nothing.

The complaint seeks damages from Pochter on several theories. And plaintiff now has a $125,000 default judgment against him. The relief sought from the other defendants is restricted to financial records or an accounting. Plaintiff recognizes that Pochter, not the other members, maintained the BD financial records. The other three members move to dismiss because they had no duty to maintain the BD records and have no duty to disclose them to plaintiff. Plaintiff counters by arguing that he is not alleging any wrongdoing by those defendants; he just wants to know what they know about what happened to the proceeds of the sale, and that discovery can be obtained by an accounting. Apparently he cannot collect on his judgment against Pochter, and apparently Pochter has not provided the information plaintiff is seeking. The three defendants, in turn, contend that what plaintiff wants he can obtain by subpoena.

There is a "much ado about nothing" to all this. Plaintiff can get the information one way or another. Even if the three members are out of the case, plaintiff can pursue discovery from them as part of an effort to collect on the judgment against Pochter. If they got distributions and plaintiff did not, and if plaintiff indeed did invest $125,000, and if the rest of BD's assets have been dissipated, then maybe the three members have to share some of their distributions with plaintiff. And maybe not. We will not rule on the motion at the present time. Rather, we schedule a status for July 18, 2007, at 9:15 a.m., with a recommendation that the parties share all necessary information in the interim.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 5, 2007.