**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PETER MOEDE, | ) | |
| | ) | |
|     **Plaintiff/** | ) | |
|     **Counterclaim Defendant,** | ) | |
| | ) | |
| vs. | ) | No. 07 C 1726 |
| | ) | |
| KEITH POCHTER, ROBERT | ) | |
| MICHELSON, MITCHELL MILLER | ) | |
| and ROBERT A. SANDLER, and | ) | |
| BD VENTURE 2 LLC, | ) | |
| | ) | |
|     **Defendants,** | ) | |
| and | ) | |
| | ) | |
| ROBERT MICHELSON, MITCHELL | ) | |
| MILLER, and RONALD A. SANDLER, | ) | |
| | ) | |
|     **Counter-claimants and** | ) | |
|     **Cross-claimants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a complaint for declaratory judgment in an effort to recover his share of the proceeds from an unauthorized sale of property in which he was an investor with defendants. Before this court are two motions for partial summary judgment filed by defendants Sandler, Michelson, and Miller.

Upon reviewing the motions, the court discovered that the inclusion of BD Venture 2, LLC ("BD") as a defendant destroys complete diversity, as required by 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, the citizenship of a limited liability company ("LLC") is the citizenship of each of its members. Thomas v. Guardsmark, LLC, 487 F.3d 531, at 533 -534 (7th Cir. 2007), citing Camico Mut. Ins. Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir.

2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id*.

Plaintiff here is a citizen of Wisconsin, and all the individual defendants are citizens of Illinois (plf.'s amended compl. ¶¶ 2-6). Plaintiff and individual defendants are all members of BD, an Illinois LLC, which is also a named defendant (*id.* at ¶¶ 7-8). Since plaintiff is a member of BD, including BD as a defendant destroys complete diversity between the parties. Absent complete diversity, or an alternative basis for jurisdiction, this court lacks subject-matter jurisdiction.

"The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998), quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). A court may raise *sua sponte* the issue of its subject-matter jurisdiction "at any time and at any stage of the proceedings." Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008), quoting Sadat v. Mertes, 615 F.2d 1176, 1188 (7th Cir. 1980). Once a court has reason to believe that a jurisdictional issue exists, it must resolve it before proceeding to the merits, "even if the defendant, whether as a matter of indolence or strategy, does not press the issue." Cook, 141 F.3d at 325, quoting Crawford v. U.S., 796 F.2d 924, 929 (7th Cir. 1986).

Defendants here did not dispute plaintiff's contention that this court had subject-matter jurisdiction. Nevertheless, since the court lacks subject-matter jurisdiction, plaintiff's amended complaint must be dismissed. Fed.R.Civ.P. 12(h)(3).

Plaintiff's amended complaint is therefore dismissed with leave to reinstate within 30

**days, if he feels he can properly establish this court's jurisdiction. Because we dismiss the complaint, all pending motions are dismissed as moot.**

_____
**AMY J. ST. EVE
U. S. District Court Judge**

**March 11, 2009.**