IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
PETER MOEDE,                          )
                                      )
       Plaintiff and                  )
       Counterclaim Defendant,        )
                                      )
    v.                                )    No. 07 C 1726
                                      )
KEITH POCHTER, et al.,                )
                                      )
       Defendants and Counter         )
       and Cross Claimants.           )
```

<u>MEMORANDUM OPINION AND ORDER</u>

After this action was reassigned to this Court's calendar following the untimely death of its good friend and colleague Honorable James Moran, this Court issued an oral ruling rejecting the ill-considered "Motion for Clarification of Order of April 16, 2009" that had been filed by Ronald Sandler ("Sandler") on his own behalf and on behalf of codefendants Robert Michelson ("Michelson") and Mitchell Miller ("Miller"). In part this Court's oral ruling ordered that a response be filed to the Third Amended Complaint ("TAC") that had been filed by Peter Moede ("Moede").

Now Sandler has tendered an Answer and Affirmative Defenses ("ADs") to the TAC for himself and codefendants Michelson and Miller. Quite apart from some purely careless mistakes (for example, the third line of the Answer refers to "Third Amended Company" rather than "Third Amended Complaint"), that responsive pleading is problematic in a number of substantive respects.

Hence this memorandum opinion and order is issued sua sponte to require Sandler's return to the drawing board.

To begin with, a number of the responsive paragraphs (Answer ¶¶1, 2, 12 and 46) depart impermissibly from the clearly-specified form of disclaimer set out in Fed. R. Civ. P. ("Rule") 8(b)(5) as the basis for obtaining the benefit of a deemed denial--see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Moreover, it is plainly oxymoronic to couple that disclaimer with a denial as those paragraphs do, in addition to which a meaningless demand in the first three of those four paragraphs for what is termed "strict proof" contributes nothing.

Next as a pleading matter, the Answer's objection to responding because an allegation is characterized as a "legal conclusion" (Answer ¶¶30 and 42) is simply wrong. In that respect, see App. ¶2 to State Farm.

Next from a substantive point of view, Sandler has to know better than to assert in several places that he and his cohorts are off the hook because of Judge Moran's June 13, 2007 entry of a judgment by default against the fourth defendant, Keith Pochter ("Pochter"). This Court's review of the docket reflects that the judgment against Pochter (Dkt. Nos. 18 and 19) was not a final order even as to him, there being no Rule 54(b) determination that would accomplish that purpose. Indeed, even if such a

determination had been made, the <u>entry</u> of a judgment does not of course equate to its <u>collection</u>--and it has long been established that a Rule 54(b) determination as to one codefendant may leave identical claims pending against other defendants (see, e.g., <u>Nat'l Metalcrafters v. McNeil</u>, 784 F.2d 817, 821 (7th Cir. 1986)).

All of that being the case, the Answer ¶6 assertion as to the claimed absence of federal jurisdiction is nonsensical and is accordingly stricken. That applies as well to AD 2 (which advances a bizarre notion of res judicata principles) and to AD 6, both of which are also stricken.

Next, when Sandler does return to the drawing board (as he must) Answer ¶8 should not mistakenly assert that the agreement among the parties "was void"--a misapprehension as to the distinction between voidness and some other ground of unenforceability. Relatedly, that paragraph is illustrative of an unfortunate pleading habit of going beyond the format prescribed by Rule 8(b)--one that calls for admissions, denials and disclaimers--to assert a different take on events. There is of course a time for that in the course of litigation, but except for such matters that qualify as ADs under the principles of Rule 8(c) and the caselaw applying it, that is not the function of pleadings.

To return to the ADs, this opinion's silence as to most of

3

them should not be misunderstood as a ruling either way as to their viability or nonviability.  That will be left to be addressed by Moede's counsel.

Because so much of the Answer and ADs requires reworking, the parties and this Court will be best served by the preparation and filing of a self-contained Amended Answer and ADs to the TAC.  Accordingly, the existing pleading is stricken without prejudice, with leave granted to file such an Amended Answer and ADs on or before June 8, 2009.

_____
	Milton I. Shadur
	Senior United States District Judge

Date:  May 22, 2009